UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
-SOUTHERN DIVISION-

TRISTAN JAMES,
Plaintiff

vs.

Case No. _____

CITY OF DETROIT, a governmental unit,
TODD BETTISON, in his official capacity,
WILLIAM ZEOLLA in both his individual and
official capacities,
Defendants.

Andrew Sullivan (P84261)
Community Law Office
2937 E Grand Blvd.,
Detroit, Michigan 48202
(313) 391-1141
andrew@communitylawoffice.org

There is no other pending or resolved civil action arising out of the facts alleged here in this complaint.

## COMPLAINT AND JURY DEMAND

The Detroit Police Department used facial recognition software to track Tristan James as he walked with his wife Ashley James in their neighborhood on July 10, 2025. Police had no reason to suspect Tristan or Ashley James of any criminal activity. Yet despite the absence of articulable suspicion, the Detroit Police Department's surveillance system targeted Tristan James, and the targeted surveillance prompted Detroit police officers to interrupt the couple's peaceful evening walk, to arbitrarily detain Tristan James and search his pockets. Officers arrested Mr. James for carrying a concealed weapon— charges which were dismissed in the Thirty-Sixth District Court upon review of the officers' obviously unconstitutional search.

1

**Jurisdiction and Venue**

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331 (federal question).

2. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§1983 and 1988, and Fed. R. Civ. P. 57.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b), since a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Tristan James further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

**Parties**

5. Plaintiff Tristan James is a United States citizen and resident of Detroit, in the County of Wayne, State of Michigan.

6. Tristan James and Ashley James are a married couple, both of African descent, identifying as Black and African American.

7. Tristan James is a local business owner and construction contractor.  He works full-time for his business, 7 days per week, to provide for himself, his wife, and his children.  At all times relevant to this complaint Mr. James was contracted with customers to complete construction jobs on set schedules.  Mr. James' business depends on his reputation for timely work.

8.   Defendant City of Detroit is a municipal corporation organized and existing under the Constitution and laws of the State of Michigan.  Defendant City of Detroit operates the Detroit Police Department (DPD) and employs defendants Todd Bettison and William Zeolla.

9.   Defendant Todd Bettison is Chief of Police at the Detroit Police Department and acted with the authority of that position, under color of law, at all times relevant to this complaint.  As Chief of Police, Mr. Bettison is an official policy maker for defendant City of Detroit.

10. Defendant William Zeolla is a sergeant with the Detroit Police Department and acted with the authority of that position, under color of law, at all times relevant to this complaint.

**<u>Background Facts</u>**

*Defendant City of Detroit's Policies and Customs*

11. The City of Detroit, through its policymakers including Defendant Todd Bettison, implemented a policy to install and maintain cameras with facial recognition software throughout the city.

12. As a matter of policy or custom, Defendant City of Detroit uses facial recognition technology to target and constantly surveil individuals within the city, including Plaintiff Tristan James, without a warrant or particularized suspicion.

13. Defendants' facial recognition technology records images of human faces passing beneath their cameras, cross references the face in the images against a database of known individuals, and purports to identify the faces in the images according to characteristics including skin complexion and the presence of afro-centric facial features.

14. Defendant City of Detroit's policies and customs pertaining to use of facial recognition software intentionally refrain from appropriately tailoring their recording, identifying, and monitoring innocent citizens passing beneath the camera lenses.

3

15. As a matter of policy or custom, Defendant City of Detroit uses facial recognition software as a basis for dispatching officers to the locations where their camera camera recorded image of innocent bystanders flagged by the facial recognition software.

16. The facial recognition technology used by Defendant City of Detroit misidentifies Black people of African descent at significantly higher rates than white people of European descent.[1]

17. Defendant City of Detroit is aware of the propensity for their facial recognition technology to mis-identify Black people of African descent.

18. As a matter of policy or custom, Defendant City of Detroit uses facial recognition technology as a sole basis to prompt police seizures, despite racially disproportionate error rates.

19. As a matter of policy or custom, Defendant City of Detroit refrains from including information about their use facial recognition technology in police reports.  When facial recognition technology is in-fact the reason why Detroit police officers dispatch to a particular location and detain an individual, the City of Detroit instructs those officers to use "parallel construction" in their reports to conceal their initial rationale for their seizure.[2]

20. Defendant City of Detroit's policies pertaining to use of facial recognition technology are a causal force behind the constitutional violations cited in this complaint.

21. Defendants' continued use of this racially-biased technology presents a significant possibility of future harm to Tristan James.

---

[1] Nat'l Inst. of Standards & Tech., *NIST Study Evaluates Effects of Race, Age, Sex on Face Recognition Software* (Dec. 19, 2019)

[2] "Parallel construction is the process of building a separate parallel and evidentiary basis for a criminal investigation. The process is undertaken to conceal the original source of evidence, which may have been obtained unlawfully." Babazadeh, N. (2018) *Concealing Evidence: Parallel Construction, Federal Investigations, and the Constitution*, Virginia Journal of Law & Technology.

*Defendant's Seizure of Tristan James on July 10, 2025*

22. Tristan James and Ashley James went on an evening walk in their neighborhood on July 10, 2025.  They stopped for snacks at a local Sunoco gas station at 19245 Schoolcraft Rd.

23. Upon information and belief, Defendants City of Detroit and Todd Bettison utilize facial recognition technology on a camera on the premises of the Sonoco gas station at 19245 Schoolcraft Rd.

24. Upon information and belief, the camera at 19245 Schoolcraft Road captured images of Tristan James entering the Sonoco gas station on July 10, 2025 and, pursuant to Defendants' policy, without articulable suspicion to believe Mr. James committed any crime, the technology flagged Mr. James for police attention and prompted Defendant William Zeolla to visit the Sonoco gas station to question Mr. James.

25. Upon information and belief, defendants' technology mis-identified Mr. James and/or made Mr. James a target for police seizure as a consequence of Mr. James' skin complexion and afro-centric facial features.

26. As Tristan James exited the store, Defendant William Zeolla pointed a gun at Mr. James and ordered Mr. James to "put your hands in the air."  Defendant Zeolla wore a Detroit Police Department ("DPD") issued uniform, pointed a DPD issued gun, and stood beside a DPD patrol car.

27. Without any reasonable suspicion that Tristan James was involved in criminal activity, and as a direct result of the facial recognition technology prompt, Defendant Zeolla reached inside Mr. James' sweatshirt pocket and removed a legally purchased handgun which belonged to Ashley James.

28. Defendant Zeolla arrested Mr. James for Carrying a Concealed Weapon (MCL 750.227).

29. Defendant Zeolla took Mr. James to the Detroit Detention Facility where Mr. James remained in custody for three nights awaiting an arraignment.

30. The Thirty-Sixth District Court, Judge Patricia Jefferson presiding, dismissed the case at the conclusion of a Preliminary Exam on August 7, 2025.  The Court held that Defendant Zeolla lacked reasonable, articulable suspicion to seize Mr. James.  In the Court's words, "It wasn't a lawful stop.  It wasn't a lawful search and seizure of the defendant."

31. As a direct and proximate result of Defendants' unlawful actions, Mr. James sustained, and will sustain into the future, injures and damages including but not limited to the following:

    a. Violations of rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

    b. Violations of rights guaranteed by the Michigan Constitution, Article 1, §§ 11, 16 and 17;

    c. Economic damages, including but not limited to lost wages, income, reputational harms, and earning opportunity;

    d. Noneconomic damages, including but not limited to emotional trauma and suffering;

    e. All other damages revealed or discovered in the course of this action.

32. Tristan James seeks injunctive relief to prohibit defendants' continued use of racially biased facial recognition software as a sole basis for prompting police seizures.

33. Tristan James seeks punitive damages to deter similarly situated actors from likewise abusing their authority by reckless use of imprecise and unconstitutional surveillance technology.

34. The following claims for relief are asserted against all Defendants.

**Count I**
**Violation of Plaintiff's Fourth Amendment Rights**
**to be Free from Unreasonable Searches**
**(to wit targeted surveillance)**
**42 U.S.C. § 1983**

35. Tristan James incorporates by reference the paragraphs above as fully set forth herein.

36. On information and belief, Defendants used facial recognition technology, paired with other highly invasive surveillance technology, to maintain constant, targeted monitoring of Tristan James' movements without a warrant or particularized suspicion.  Defendants used this invasive surveillance constantly and for months prior to July 10, 2025, to amass personal information about Mr. James: his movements, social patterns, friends and associates.  Defendants orchestrated this profiling without a warrant or particularized suspicion, in violation of Mr. James' clearly established right to be free from unreasonable searches— said right being secured by the Fourth Amendment to the United States Constitution.

**Count II**
**Violation of Plaintiff's Fourth Amendment Rights**
**to be Free from Unreasonable Seizures**
**(to wit Defendant Zeolla's detention and physical search)**
**42 U.S.C. § 1983**

37. Tristan James incorporates by reference the paragraphs above as fully set forth herein.

38. On July 10, 2025, Defendant Zeolla detained Mr. James and physically searched Mr. James without a warrant or particularized suspicion, again in in violation of Mr. James' clearly established rights to be free from unreasonable searches and seizures— said rights being secured by the Fourth Amendment to the United States Constitution.

39. On information and belief, Defendant Zeolla acted pursuant to policy or custom, established and reinforced by Defendants City of Detroit and Todd Bettison, which directed

Defendant Zeolla to target Mr. James for police seizure on the sole basis of a flag from defendants' facial recognition software at 19245 Schoolcraft Rd.

## Count III
### Violation of Plaintiff's Fourteenth Amendment Rights to Equal Protection of Laws
### (to/wit Defendants' use of racially biased surveillance technology)
### 42 U.S.C. § 1983

40. Tristan James incorporates by reference the paragraphs above as fully set forth herein.

41. On information and belief, Defendant Zeolla dispatched to 19245 Schoolcraft Rd. on July 10, 2025 in response to a prompt by Defendant City of Detroit's facial recognition technology installed at that location.

42. On information and belief, the prompt by Defendant City of Detroit's facial recognition was the only basis for Defendant Zeolla's decision to point a gun at Tristan James, ordering him to put his hands in the air.

43. On information and belief, Defendant Zeolla acted pursuant to the policy and custom of Defendant City of Detroit, established or enforced by Defendant Todd Bettison, which instructed that Defendant Zeolla should seize Tristan James on the sole basis of prompts from the facial recognition software.

44. Defendant City of Detroit maintains this policy despite knowledge that their facial recognition software is unreliable in identifying Black people of African descent, in reckless disregard of the risks that their policy will cause wrongful arrests of Black people of African descent.

## Count IV
**Violation of Plaintiff's Fifth and Fourteenth Amendment Rights to Due Process**
**(to/wit Defendants' use of imprecise surveillance technology**
**as a sole basis to prompt police seizure)**
**42 U.S.C. § 1983**

45. Tristan James incorporates by reference the paragraphs above as fully set forth herein.

46. On information and belief, Defendant Zeolla intentionally refrained from disclosing Defendant City of Detroit's use of facial recognition software in the report he wrote regarding his arrest of Tristan James on July 10, 2025.

47. On information and belief, Defendant Zeolla refrained from disclosing the use of facial recognition software in adherence to Defendant City of Detroit's policy or custom, established or enforced by Defendant Todd Bettison.

48. On information and belief, Defendant City of Detroit instructs or encourages officers including Defendant Zeolla to use "parallel construction" in their reports to conceal the use of facial recognition software.

49. The purpose of Defendant City of Detroit's policy or custom in excluding references to facial recognition software in their reports is to conceal their use of a technology which violates constitutional protections.

50. Defendant Zeolla's concealment of Defendant City of Detroit's use of facial recognition software, pursuant to Defendant City of Detroit's custom or policy, intentionally obstructed Tristan James' ability to vindicate his constitutional rights, in violation of Due Process.

## Count V
**Monell Liability**
**42 U.S.C. § 1983**

51. Mr. James incorporates by reference the paragraphs above as fully set forth herein.

9

52.  At all times herein, Defendant City of Detroit, through its police department and policymakers including Defendant Todd Bettison, established or maintained customs, usages, polices or practices set forth above, each of which was a moving force in causing and exacerbating Tristan James' injuries and violations of his constitutional rights.

53. Through its policy makers, including Defendant Todd Bettison, Defendant City of Detroit has the ultimate responsibility and authority to train and supervise officers of its police department, including Defendant William Zeolla, regarding constitutional standards of criminal suspicion which must precede any detention.

54. Through its policy makers, including Defendant Todd Bettison, Defendant City of Detroit endorsed, authorized, or permitted a custom, policy, practice, or procedure of utilizing facial recognition technology, with error rates disproportionately affecting persons of dark complexion and afro-centric facial features, to the systemic disadvantage of those with African ancestry.

55. Through its policy makers, including Defendant Todd Bettison, Defendant City of Detroit endorsed, authorized, or permitted a custom, policy, practice, or procedure of utilizing "parallel construction" in reports by officers to conceal the departments unconstitutional use of facial recognition software.

56. As a direct and proximate result of Defendant City of Detroit's policies, practices, customs, actions and inactions, Tristan James sustained injuries complained of here.

## Count VI
### Violations of Plaintiff's State Constitutional Rights
### *Bauserman v. Unemployment Ins. Agency*, 509 Mich. 673 (2022)

57. Tristan James incorporates by reference the paragraphs above as fully set forth herein.

58. Defendants' actions violated constitutional rights guaranteed to Tristan James by the Michigan Constitution, Article 1 §§ 2, 11, 16, 17.

10

59. As a direct and proximate result of Defendants' violations of Tristan James' rights guaranteed by the Michigan Constitution, Mr. James suffered injury which continues, including emotional injury, as hereinbefore alleged.

60. Mr. James seeks economic, declaratory and injunctive relief as allowed by Michigan law. Defendants are further subject to punitive damages as allowed by Michigan law.

<u>**Requested Relief**</u>

WHEREFORE, Mr. James requests that this Court enter judgment against defendants in whatever amount they may be found to be entitled, together with interest, costs, reasonable attorney fees, and any other relief the court deems equitable and just under the circumstances.

Respectfully submitted,

Date: 06/30/2026

/s/ Andrew Sullivan P84261
Counsel for Plaintiff
Community Law Office
2937 E Grand Blvd.
Detroit, MI 48202
andrew@communitylawoffice.org
313-391-1141

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
-SOUTHERN DIVISION-

TRISTAN JAMES,
Plaintiff

vs.

CITY OF DETROIT, a governmental unit,
TODD BETTISON, in his official capacity,
WILLIAM ZEOLLA in both his individual and
official capacities,
Defendants

Case No. _____

Andrew Sullivan (P84261)
Community Law Office
2937 E Grand Blvd.,
Detroit, Michigan 48202
(313) 391-1141
andrew@communitylawoffice.org

## Jury Demand

Plaintiff Tristan James, by and through his attorney Andrew Sullivan, hereby demands a jury trial.

Respectfully submitted,

Date: 06/30/2026

/s/ Andrew Sullivan P84261
Counsel for Plaintiff
Community Law Office
2937 E Grand Blvd.
Detroit, MI 48202
andrew@communitylawoffice.org
313-391-1141

12